**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CIVIL DIVISION**

JAMES FRAZIER, Jr.**,**       )
                                )
       Plaintiff,            )
                                )
            v.             )        No.
                                )
ERIC K. SHINSEKI, Secretary of   )
Veterans Affairs,             )
                                )
       Defendants.        )

**Type of Pleading:**
COMPLAINT IN CIVIL ACTION

**Filed on Behalf of:**
James Frazier,
Plaintiff

**Counsel of Record for This Party:**
D. Scott Lautner, Esquire
Pa. I.D. No.: 80134

68 Old Clairton Road
Pittsburgh, Pennsylvania 15236

(412)650-8820

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF PENNSYLVANIA**

**CIVIL DIVISION**

| | | |
|---|---|---|
| JAMES FRAZIER, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ERIC K. SHINSEKI, Secretary of | ) | |
| Veterans Affairs, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>NOTICE TO DEFEND</u>**

You have been sued in Court.  If you wish to defend against the claims set forth in the
following pages, you must take action within twenty (20) days after this Complaint and
Notice are served, by entering a written appearance personally or by attorney and filing in
writing with the Court your defenses or objections to the claims set forth against you.
Your are warned that if you fail to do so, the case may proceed without you and a
judgment may be entered against you by the Court without further notice for any money
claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You
may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU
DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR
TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU
CAN GET LEGAL HELP.**

**LAWYER REFERRAL SERVICE
ALLEGHENY COUNTY BAR ASSOCIATION
KOPPERS BUILDING, SUITE 400
436 SEVENTH AVENUE
PITTSBURGH, PA  15219
(412) 261-0518**

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## CIVIL DIVISION

| | | |
|---|---|---|
| JAMES FRAZIER, Jr.**,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ERIC K. SHINSEKI, Secretary of | ) | |
| Veterans Affairs, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

**AND NOW COMES**, Plaintiff, James Frazier, by and through his counsel, D. Scott Lautner, Esquire, and avers as follows:

## PARTIES

1. Plaintiff, James Frazier, is an adult individual with a primary residence located at P.O Box 224, McKeesport, PA 15134.

2. Defendant, Eric K. Shinseki, is the Secretary of Veterans Affairs, with a business address of 810 Vermont Avenue, NW-Washington, DC 20420.

## VENUE

3. Venue is proper in the Western District of Pennsylvania as all parties are located in Allegheny County, Pennsylvania, including Plaintiff's employer, and all incidents related to this action took place in Allegheny County.

## JURISDICTION

4. Jurisdiction is proper as the United States District Court has original jurisdiction under 28 U.S.C. §1331 – Federal Question.


## FACTS

5. James Frazier, an African American, served as a United States Marine for twenty nine (29) years, both active and reserve.  As a result, he became a confident and responsible leader.

6. James Frazier began his Transportation career in 1989 at a WG-5703-07 level Operator.  He quickly ascended the ranks in the Motor Vehicle departments due to his vast qualifications and licenses, including but not limited to, a CDL Class A and a Master Certified Instructor qualification.

7. Frazier's occupational specialty was Motor Transportation Operations Chief. This position was a GS-5703-09 Motor Vehicle Operator Specialist classification. He held the position from March 2002 until 2005 and completed his probationary period.  Only one probationary period is required to be completed under the federal regulations.

8. Frazier was hired by Veterans Administration Pittsburgh Healthcare System (hereinafter VAPHS) out May 9, 2010.  His title at that time was WS-5703-09 Motor Vehicle Operator Supervisor.  A copy of the Motor Vehicle Operator Supervisor Position Description is hereby incorporated by reference and attached as Exhibit "A."

9. James Frazier interviewed with William Frazier, a white male, for the position. A copy of James's Competency Evaluation is hereby incorporated by reference and attached as Exhibit "B."

10. When Frazier began at VAPHS, the department in which he was placed was fraught with a lack of organization, instances of fraud, waste, and abuse, and many other substantial issues.

11. One example of the fraud, waste and abuse within this department was that one of the employees, during one of the worst winters in this area in recent history, diverted funds that were needed for emergency snow removal to purchase an unneeded and extravagant tool box costing $13,970.66. He violated federal purchasing and contracting laws by circumventing the $3,000.00 sole source purchase limit and buying it piece by piece through the submission of multiple purchase requests (form 2237) to obtain and assemble the single end item. Copies of the invoices are hereby incorporated by reference and attached as Exhibit "C."

12. Another example of the fraud, waste and abuse within this section before Frazier's hire was one these employees (Brian Stewart and Jack Rugh) continuously violated Code of Federal Regulations (CFR) Part 102-34.325 by purchasing 93 octane gasolines for use in ground equipment to include but not limited to; lawn mowers, weed whackers, personal vehicles, and government vehicles.

13. Brian Stewart is currently under investigation for misappropriation of heavy equipment.

14. Frazier immediately put a stop to this unlawful behavior when he began at VAPHS which led to his employees resenting him, labeling him a bully and filing false complaints and grievances against him.

15. Frazier put a stop to alcohol abuse on VAPHS'S property and also to the use of equipment, parts, and supplies for personal vehicles.  A number of these employees have been disciplined for this behavior.

16. Frazier was hired to bring supervision, leadership, and accountability to the department, directly feeding off of his military experience.

17. Several white employees, including but not limited to, David Dingus, Ricky Hoak, Gregory Johnson, James Fernacz, and Brian Stewart worked together to degrade Frazier and refused to listen to his commands.

18. After approximately five (5) months of working at VAPHS, Frazier received an "on-the-spot" cash award and an excellent to exceptional performance appraisal. Frazier's "on-the-spot" cash award certificate is hereby incorporated by reference and attached as Exhibit "D."  Frazier's performance appraisal is hereby incorporated by reference and attached as Exhibit "E."

19. The above white employees filed bogus claims against Frazier with the American Federation of Government Employees Union (AFGE).  The AFGE never investigated any of the claims yet called for Frazier's discipline.  A copy of the allegations are hereby incorporated by reference and attached as Exhibit "F."

20. Supervisor William Frazier was disciplined and eventually terminated in June of 2011 for asking subordinates to write false reports about James Frazier.  James

was never placed back into the supervisor position that he held prior to William Frazier's and others' actions.

21. Frazier also enforced the VAPHS dress codes for subordinate employees, and a complaint was filed by Michelle Martin because of this enforcement.

22. When Frazier would need to discipline employees, he was met with resistance by his supervisor, William Frazier.

23. William Frazier was also having secret meetings with James Frazier's white subordinate employees, behind his back.  William Frazier was telling the white employees, including Hoak, Stewart, Rhobeck, and Johnson, to file harassment and intimidation complaints against James, in order to have him removed.

24. Frazier had requested a reassignment to both the VAPHS director and CEO and the VISN-4 Director but was declined on several occasions without reason.

25. On or about October 26, 2010, a handful of white employees made a false allegation, as previously mentioned, against Frazier to the AFGE, who then asked for Frazier's removal.  The incident complained of occurred on a day that Frazier was not at work.  William Frazier did nothing to clear up the mistake.  A copy of the allegations are hereby incorporated by reference and attached as Exhibit "F."

26. On or about November 3, 2010, Frazier was temporarily demoted and reassigned based on the false allegations from October 26.  The position was a lower skill level.  A copy of the Memorandum reassigning Plaintiff is hereby incorporated by reference and attached as Exhibit "G."

27. On December 8, 2010, Frazier met with Terry Gerigk-Wolf, the director and CEO of VAPHS, who had heard of racial problems, both past and present, in the

Transportation and Grounds section that Frazier was supervising and told Frazier of these past issues.

28. On March 8, 2011, Frazier was handed a 90 day promotion/placement/follow-up supervisor evaluation which was back dated to August, 2010 and there was white-out where "outstanding" was checked and altered to mere "satisfactory." As mentioned above, Frazier received praise and awards in September 2010; one month after this evaluation was dated. Frazier's evaluation is hereby incorporated by reference and attached as Exhibit "H."

29. William Frazier has had numerous grievances and complaints filed against him, and he was continually promoted in spite thereof.

30. On or about April 22, 2011, Frazier's demotion became permanent, moving him to the position of Motor Vehicle Operator based solely upon statements of Ricky Hoak, David Houston, and Michael Rohbeck, all of whom Frazier had disciplined in the past for poor performance, insubordination, and unlawful activity. These are the same individuals that conspired with William Frazier for which he was eventually terminated.

31. James Frazier has been forced into a position where he now works with the same employees that he once supervised, and as a result, is harassed on a daily basis.

32. The decision to demote was based upon Failure to Satisfactorily Complete Supervisory Probation Period pursuant to 5 CFR 315.907. Frazier was not on probation because he was exempt from the probationary period for serving as an Official Federal Civilian Managerial Position for three years. Pursuant to 5 CFR 315.904 (c), "Employees who, as of the date this requirement is effective, are

serving or have served in Federal civilian supervisory or managerial positions without time limitation, or in time limited supervisory or managerial positions under an official assignment exceeding 120 days, are exempt from its provisions, except that supervisors who are assigned to managerial positions may, according to agency regulations, be required to serve a probationary period for managers." VAPHS failed and/or refused to investigate the details of this position, and James provided proof of his managerial status to VAPHS.

33. Additionally, James was demoted to a level not in accordance with CFR regulations.

34. In rendering their decision, the VAPHS Administrative Investigative Board only interviewed a few select white employees, and failed to interview all the potential witnesses, as requested by Frazier.  This was done in violation of the VA Handbook 0700.

35. In July 2011, the VAPHS Administrative Investigation Board investigated William Frazier and determined that he had lied to the Board and had undermined James Frazier's success as Motor Vehicle Operator Supervisor.  William Frazier was terminated for cause; however, James never received placement into his prior position nor any other consideration.  The final decision regarding William Frazier is hereby incorporated by reference and attached as Exhibit "I."

36. Robert Schollaert, a white male, was placed into the position of Acting Motor Vehicle Operator Supervisor, even though he was unqualified.  Robert was another white employee who had given James Frazier issues in the past. Schollaert made sure that James did not get the Motor Vehicle Operator

Supervisor position that had opened up.  Schollaert inappropriately used James's demotion against him in violation of CFR regulations.

37. In late July, the Motor Vehicle Operator Supervisor WS 7 position was posted for VAPHS employees to apply.  Frazier applied and was fully qualified.  The date that applications were due was extended for no reason even though a qualified individual, James Frazier, had applied.

38. On or about September 21, 2011, Frazier received an interview and was unofficially told that he had scored the highest of the four applicants that were interviewed.  No decision was rendered, purposefully removing James Frazier's chances of promotion.

39. On or about September 30, 2011, Frazier received an "Outstanding" Performance Evaluation.  Frazier continued to excel at VAPHS despite the negative treatment and discriminatory treatment.

40. On or about December 5, 2011, the Motor Vehicle Operator Supervisor position was cancelled without reason and without hire.  Frazier filed a grievance with the AFGE regarding the cancelled position.

41. On December 20, 2011, the Motor Vehicle Operator Supervisor position was again posted, this time nationally.  This was in violation of the Master Labor Agreement.

42. On or about December 23, 2011, Clifford Dow retired from his position as Motor Vehicle Operator WG-5703-07 position.  Frazier requested to fill the vacancy as he was overqualified for the position, yet it was a higher rank then he currently

held.  Frazier possesses a Pennsylvania CDL Class A license with passenger endorsement.

43. On December 28, 2011, Frazier's request was denied even though white employees had been allowed to temporarily fill positions pending announcement of the position's vacancy.

44. James Frazier filed a Complaint with the EEO on January 25, 2012 regarding his harassment with VAPHS.

45. On or about February 9, 2012, a list was posted by Robert Schollaert for a Motor Vehicle Operator WG-5703-07.  The job posting required a commercial driver's license (CDL).  James Frazier applied and was the most senior Motor Vehicle Operator on the list.

46. Instead of promoting Frazier, current Motor Vehicle Operator's, at that pay scale, were told to take overtime at a substantial and unnecessary cost to VAPHS.

47. In the past, white employees, including but not limited to Kruezer, were given temporary promotions which ultimately led to full time jobs.

48. The WS 7 Motor Vehicle Supervisor position that was initially posted in July 2011 was filled by Harry Taylor, an unqualified individual.

49. Harry Taylor officially was given the position on April 16, 2012 while still unqualified for the position.  He received a substantial increase in compensation and benefits.  Mr. Taylor never had management experience and had only driven a short truck previously, possessing no additional licenses nor having any management or supervisory experience.  Taylor is an African American, and his

placement into this position was a result of James's complaints filed with the EEO based upon racial discrimination.

50. Over the course of Mr. Frazier's employment, there have been numerous discriminatory actions taken against him which similarly situated Caucasian employees have not suffered, including but not limited to:

   a. Rick Hoak passing around a criminal report with an individual with the same name as James Frazier who was not, in fact, the Plaintiff James Frazier;

   b. Citing James Frazier for a weapons violation for teaching his subordinates how to use a tire thumper, a tool commonly utilized by truck drivers to do a quick check of tire inflation;

   c. Falsely alleging that James Frazier monitored employees through the phone system;

   d. Punishing James through demotion for being a stern supervisor while Jack Rugh, a white employee who formerly held James's position, was never disciplined for constant yelling and use of profanity in the department;

   e. On or about March 22, 2012, David Houston filing a false police report against James;

   f. On or about June 1, 2012, Ricky Hoak switched James to a bus that was unfit, unsafe, and illegal for travel as none of the lights functioned.  When James refused to drive the bus, Hoak got in his face in a threatening manner and attempted to get James to have a physical altercation with him.  James walked away and reported the incident to management.

51.  As a result of the harassment, intimidation, and other unlawful conduct of
VAPHS and its employees/agents, James Frazier has suffered personally,
financially, physically, emotionally, and professionally.

52. James Frazier's EEO Complaint process was closed on May 8, 2012.  The
decision was in favor of VAPHS; however, additional testimony and complete
information was not utilized in the process.

53. On or about June 22, 2012, James Frazier's former supervisor, William Frazier,
was given new employment with VAPHS in a position equal in stature to his
previous position with VAPHS.  William Frazier was terminated for cause for
discriminating against James.  See Exhibit "I."

54. James Frazier has also been informed that Amber Mesoras, newly promoted to
head of Human Resources, has stated, "How does he [James Frazier] think that
we would ever promote him back to a supervisor position after his demotion?"
This evidences a clear motive to undermine Frazier's ability to improve himself
against VAPHS and CFR regulations.

## COUNT I – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 – RACE DISCRIMINATION
James Frazier v. Eric K. Shinseki, Secretary of Veterans Affairs

55. Paragraphs 1 through 54 are hereby incorporated by reference as if set forth at
length.

56. VAPHS, its agents, and employees are State "actors" for purposes of the statute
and were acting under color of state law.

57.  The Defendant has jointly and severally violated Mr. Frazier's Civil Rights pursuant to 42 U.S.C. §1983 and have unjustly, unfair, and unlawfully discriminated against Plaintiff for his race.

58. Defendant employs policies, practices, and procedures and/or lacks policies, practices, and procedures which led to the violation of the Constitutional rights of James Frazier.  These include, but are not limited to:

    a.  Failure to utilize due care in hiring/firing/training employees;

    b.  Failing to identify the racially discriminatory propensities of their employees;

    c.  Failing to ensure that employees do not commit crimes;

    d.  Failing to properly train employees to maintain an environment conducive to everyone, regardless of race;

    e.  Failure to properly supervise;

    f.  Utilizing rules and procedures for employees that are incomplete and fail to safeguard against Constitutional violations;

    g.  Violating the Constitutional rights of employees.

59. Specifically, the Defendant has violated Mr. Frazier's rights pursuant to the United States Constitution and have caused him harm.

**WHEREFORE**, Plaintiff, James Frazier, prays this Honorable Court to award the following:

1.  Damages in excess of seventy five thousand ($75,000.00) dollars.

2.  Punitive and/or exemplary damages.

3.    Reasonable costs, interests, and expenses including but not limited to reasonable attorneys fees.

4.    Any other remedy this Honorable Court may deem appropriate.

## COUNT II – RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

James Frazier v. Eric K. Shinseki, Secretary of Veterans Affairs

**61.** Paragraphs 1 through 59 are incorporated by reference as if set forth at length.

61.    Plaintiff, James Frazier, was discriminated against on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e(k).

62.    Plaintiff is a member of a protected class by virtue of him being an African American.

63.    Plaintiff was discriminated against in the terms and conditions of his employment through unequal wages and lack of promotions during his tenure with Defendant.

64.    Plaintiff was/is qualified for her position established substantially by his prior performance, including performance evaluations and appraisals, and his qualifications in advanced licenses (CDL).  Plaintiff was also employed within the federal Motor Vehicle classifications since 1989 and has excelled at all positions.

65.    Defendant has promoted Caucasian men from less senior roles while never giving plaintiff, a minority, an equal opportunity.

66. Defendant has failed and/or refused to fill positions that Plaintiff had applied for and left them open.  Likewise, Defendant has removed listings in which Plaintiff was the only qualified individual.

**WHEREFORE,** Plaintiff, James Frazier, prays this Honorable Court to grant the following:

1. Monetary damages in excess of $75,000.00;

2. Reasonable costs, interest, and expenses, including but not limited to reasonable attorney's fees;

3. Punitive and/or exemplary damages; and

4. Any other remedy this Honorable Court may deem appropriate.

## COUNT III – RETALIATION FOR TAKING PART IN PROTECTED ACTIVITY
James Frazier v. Eric K. Shinseki, Secretary of Veterans Affairs

67. Paragraphs 1 through 66 are incorporated by reference as if set forth at length.

68. Plaintiff, James Frazier, was discriminated against as outlined in the above facts and counts.

69. Plaintiff was discriminated against in the terms and conditions of his employment and filed a claim with the Office of Resolution Management (ORM), Equal Employment Opportunity (EEO).

70. Plaintiff participated in an EEO investigation under the above discrimination counts.

71. Defendant knew that Plaintiff was participating in the investigation as letters were received and responded to prior to some of the adverse employment actions.

72. Plaintiff was thereafter continually discriminated against and harassed.

73. Plaintiff was continually passed over for positions in which he was qualified.

74. Plaintiff was labeled as being "demoted" even after it came to light in William Frazier's investigation that he set up James to fail, and James has proven that he was not a probationary employee.

**WHEREFORE,** Plaintiff, James Frazier, prays this Honorable Court to grant the following:

1. Monetary damages in excess of $75,000.00;

2. Reasonable costs, interest, and expenses, including but not limited to reasonable attorney's fees;

3. Punitive and/or exemplary damages; and

4. Any other remedy this Honorable Court may deem appropriate.

## COUNT IV –FAILURE TO TRAIN, DISCIPLINE, AND SUPERVISE
James Frazier v. Eric K. Shinseki, Secretary of Veterans Affairs

75. Paragraphs 1 through 74 are hereby incorporated by reference as if set forth at length.

76. Plaintiff alleges that at all relevant times, Defendant through their agents failed to properly train, supervise, or discipline their employees including, but not limited to, making inquiries to determine their fitness.

77. Plaintiff alleges that Defendants are indifferent to the unlawful conduct of their employees, even though they have had and continue to have substantial knowledge of any and all improprieties.

78. The action and/or inaction by the Defendant in hiring, training, supervising, and disciplining employees and agents, is part of a larger scheme/pattern/practice which authorizes/permits and/or authorized/permitted employees and agents, to violate the United States Constitution and Pennsylvania law.

79. Plaintiff also alleges that the supervising agents and policymakers of Defendant responsible for overseeing and reviewing acts of the Defendant have also failed to establish a proper training program, disciplinary procedure, supervisory procedure, or other safeguard to enable employees/agents to carry out their duties lawfully, properly, and/or Constitutionally.

80. Plaintiff further alleges, upon information and belief, that

   a.  The Defendant failed to train, supervise, and discipline its police officers;

   b.  Any program that was provided by the Defendant to train, supervise, and discipline its employees/agents was inadequate to enable them to carry out their duties;

   c.  The Defendant was also aware of the obvious need for the adequacy of said programs so as to avoid the violation of Constitutional rights of others;

   d.  The Defendants knew or should have known that the failure to properly train, supervise, and discipline its employees was likely to result in the violation of Constitutional rights;

   e.  The policymakers of VAPHS were deliberately indifferent to the need for such training, supervision, and discipline to protect the rights of Plaintiff James Frazier and other minority employees;

     **f.**   The failure of the Defendant to provide proper training, supervision, and discipline has caused the Plaintiff and others to suffer violations of their Constitutional rights and created an environment which encourages employees to continually discriminate and harass minorities..

81. All of the above actions have in the past contributed, and will in the future continue to contribute, to the improper treatment of James Frazier, and other minority employees, so as to imply, by its failure to act, the Defendant tacitly authorized a pattern and practice as previously set forth herein.

82. As a direct and proximate result of the Defendants' actions herein alleged, Plaintiff was caused to suffer emotional injuries with physical manifestations, some of which may be permanent; has suffered a demotion with a decrease in income and benefits; has lost opportunities to improve professionally; was required to obtain legal counsel, at substantial expense and inconvenience; and will suffer additional damages in the future, the amount of which have not fully been determined, all to his financial detriment.

**WHEREFORE**, Plaintiff, James Frazier, prays this Honorable Court to award the following:

1.     Damages in excess of seventy five thousand ($75,000.00) dollars.

2.     Punitive and/or exemplary damages.

3.     Reasonable costs, interests, and expenses including but not limited to reasonable attorneys fees.

4.     Any other remedy this Honorable Court may deem appropriate.

## SUPPLEMENTAL JURISDICTION

83. Plaintiff asks this Honorable Court to exercise its supplemental jurisdiction over the following Pennsylvania State law claims pursuant to 28 U.S.C. §1367.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
James Frazier v. Eric K. Shinseki, Secretary of Veterans Affairs

84. Paragraphs 1 through 83 are hereby incorporated by reference as if set forth at length.

85. Defendant acted intentionally and with a reckless disregard for the emotional and psychological health of Plaintiff.

86. Defendant's conduct was extreme and outrageous in harassing Plaintiff, discriminating against Plaintiff, and participating in various other unlawful misconduct, as provided above.

87. Defendant's acts caused in the past and will continue to cause in the future, Plaintiff to suffer severe financial harm and mental distress and anguish.

88. It was foreseeable for Plaintiff to suffer harm and Plaintiff actually suffered such harm.

**WHEREFORE**, Plaintiff, James Frazier, prays this Honorable Court to award the following:

1.    Damages in excess of two hundred fifty thousand ($75,000.00) dollars.

2.    Punitive and/or exemplary damages.

3.    Reasonable costs, interests, and expenses including but not limited to reasonable attorneys fees.

4.    Any other remedy this Honorable Court may deem appropriate.

Respectfully submitted,

/s/ *D. Scott Lautner, Esquire*
D. Scott Lautner, Esquire
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CIVIL DIVISION**

| | | |
|---|---|---|
| JAMES FRAZIER, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ERIC K. SHINSEKI, Secretary of | ) | |
| Veterans Affairs, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, D. Scott Lautner, Esquire, certify that a true and correct copy of the within

Complaint in Civil Action was served via U.S. First Class Mail on the 24th day of July

2012 to the following:

**VETERANS ADMINISTRATION PITTSBURGH HEALTHCARE SYSTEM**
University Drive
Pittsburgh, PA 15240

*/s/ D. Scott Lautner, Esquire*
D. Scott Lautner, Esquire
Attorney for Plaintiff