### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES FRAZIER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 12-cv-1035 |
| | ) | |
| ERIC K. SHINSEKI, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM ORDER OF COURT

Presently pending before the Court for disposition is the MOTION TO RECONSIDER AND FOR A HEARING, with brief in support, filed pro se by Plaintiff, James Frazier, Jr. (ECF Nos. 11 and 12).

Plaintiff requests that the Court vacate its Order of Court entered April 10, 2013, in which the Court granted the Motion to Withdraw as Attorney for James Frazier, Jr., filed by Attorney D. Scott Lautner. (ECF No. 10).

On April 17, 2013, Plaintiff filed the instant Motion. As a matter of course, the Court proceeded to issue a text order setting forth a response / briefing schedule. However, Attorney Lautner did not receive a copy of the Text Order as he had been terminated from the case on April 10, 2013. The Court will vacate that Text Order upon further consideration.

As Mr. Frazier is well aware, he commenced litigation against his former attorney on March 26, 2012, for breach of contract regarding his legal representation in this very lawsuit. In fact, a hearing is scheduled in the matter before Magistrate Judge Beth S. Mills on June 6, 2013, at 11:30 a.m. Under these circumstances of an irreconcilable conflict, Attorney Lautner cannot be compelled to continue to represent Plaintiff in this case.

Fatal to the instant Motion to Reconsider is that Plaintiff has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration. Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986). Plaintiff has pointed to no intervening change in controlling law, new evidence, a clear error of law, or manifest injustice.

Plaintiff continues to advance the same arguments that he made in his Response to the Motion to Withdraw. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

Accordingly, the MOTION TO RECONSIDER filed by Plaintiff, James Frazier, Jr., is hereby **DENIED.**

Additionally, the Court notes that no summons has been issued and no service of process has been made on Defendant in this case. Generally, under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action. However, the Court will grant Plaintiff until **June 21, 2013** to (i) engage a new attorney or

declare that he desires to proceed pro se and (ii) to serve Defendant with process in accordance

with Federal Rule of Civil Procedure 4.

        **So ORDERED** this 10th day of May, 2013.

                    BY THE COURT:

                    s/Terrence F. McVerry
                    United States District Court Judge

cc:         James Frazier, Jr.
             P. O. Box 224
             McKeesport, PA 15134
             (via U.S. Postal Mail and Certified Mail, Return
             Receipt Requested)