IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FRAZIER, JR.,<br>               Plaintiff,<br><br>         v.<br>ERIC K. SHINSEKI<br>*Secretary of Veterans Affairs*,<br>               Defendant. | 2:12-cv-1035 |

## MEMORANDUM ORDER OF COURT

Pending before the Court is Plaintiff's MOTION FOR RECONSIDERATION (ECF No. 38) of the Court's March 14th Order granting DEFENDANT'S MOTION TO COMPEL DISCOVERY (ECF No. 36). Defendant filed a response in opposition to the Motion for Reconsideration (ECF No. 42). Plaintiff, with leave of Court, submitted a reply brief (ECF No. 46). The Motion is ripe for disposition.

On March 13, 2014, Defendant filed a Motion to Compel discovery responses from Plaintiff. On March 14, 2014, the Court granted the Motion, though it did so without having permitted Plaintiff to have an opportunity to file a response. Plaintiff filed this Motion on March 24, 2014, requesting that the Court reconsider its prior Order granting the Motion to Compel. The following day, the Court temporarily suspended its March 14th Order, pending the resolution of the Motion for Reconsideration.

**Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides, in relevant part, that the parties are permitted to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26. The inquiry

1

is not, however, whether the material acquired will later be admissible at trial. *Id.* Information is relevant for the purpose of discovery if "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to a court's discretion and judgment. Thus, issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the Court, *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987), and a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion, *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

**Legal Analysis**

Defendant's Motion sought to compel the production of two categories of information: (1) records related to Plaintiff's claim for emotional-distress damages; and (2) employment-related records. In his Motion for Reconsideration, Plaintiff objects to the Court's decision granting Defendant's Motion for several reasons, which will be addressed *seriatim*.

    1.    <u>Medical and Psychotherapist Treatment Records</u>

Plaintiff argues that information and documents related to medical or psychotherapeutic treatment he may have received for his alleged emotional distress are not subject to discovery because he has only alleged a "garden variety" emotional distress claim. Thus, he contends, he has not placed his mental health "at issue," and the sought-after materials are privileged. The Court cannot agree, as the information is relevant and not protected by privilege.

First, the information and records clearly may "become relevant to establish, depending on the evidence Plaintiff presents at trial to support a claim for emotional distress damages, that there were causes other than [his] termination that caused her emotional distress." *Eggering v.*

2

*MHP, Inc.*, No. 10-1794, 2011 WL 6029956, at *2 (E.D. Mo. Dec. 5, 2011) (citations omitted). Second, Plaintiff's privilege argument misses the mark. "It is clear that, when a party places [his] mental status at issue in litigation, [he] waives the therapist-patient privilege." *Waggaman v. Villanova Univ.*, No. 04-4447, 2006 WL 2045486, at *2 (E.D. Pa. July 14, 2006). While "[i]t is less clear that a plaintiff places [his] mental status at issue simply by including in [his] complaint a prayer for 'garden variety' emotional distress damages (as opposed to asserting as a claim an element of which is emotional distress or calling the therapist as a witness)," district courts in this Circuit have "consistently espoused a broad view of waiver and held that a request for damages based on emotional distress, *without more*, places the plaintiff's mental state at issue and waives the privilege." *Id.* (citations omitted) (emphasis added). This Court is convinced that this is the correct view. Otherwise, a plaintiff would be permitted "to assert a claim for emotional distress damages and simultaneously disallow Defendants to discover information into the possible causes of that stress." *McKinney v. Delaware Cnty. Mem'l Hosp.*, No. 08-1054, 2009 WL 750181, at *6 (E.D. Pa. Mar. 20, 2009).

The case upon which Plaintiff primarily relies, *Kuminka v. Atlantic Cnty.*, --- F. App'x ----, 2014 WL 44046 (3d Cir. Jan. 7, 2014), does not command a different result. In that case, the Court of Appeals was tasked with resolving a question about whether a plaintiff had placed her mental condition "in controversy" for the purpose of conducting a court-ordered independent medical exam ("IME") under Fed. R. Civ. P. 35(a)(1).[1] *Id.* at *1-2. "The general consensus," the Court of Appeals explained, "is that garden variety emotional distress allegations that are part and parcel of the plaintiff's underlying claim are insufficient to place the plaintiff's mental condition in controversy for purposes of Rule 35(a)." *Id.* at *1 (citation and quotation marks

---

1. Rule 35(a)(1) provides, "The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."

3

omitted). The Court of Appeals' language, however, cannot be read as broadly as Defendant desires, for "courts have consistently made a distinction between the 'in controversy' requirement in the context of *Rule 35(a)* and *Rule 26(b)*." *McKinney*, 2009 WL 750181, at *5 (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal.1995)) (emphasis in original); *accord Bowen v. Parking Auth. of City of Camden*, 214 F.R.D. 188, 195 (D.N.J. 2003). "Thus, while demonstrating the presence of an additional element, other than the mere filing of a claim for emotional distress damages, may be necessary to satisfy the 'in controversy' prong when a Defendant moves pursuant to *Rule 35(a)*, such is not necessarily the case when a Defendant moves, as here, pursuant to *Rule 26(b)*." *Id.* (emphasis in original). Accordingly, the Court reaffirms its ruling that Defendant is entitled to discovery of information that could reasonably bear on his claim for emotional distress damages, including any medical and psychotherapeutic treatment records. Defendant should not, however, interpret this as an invitation to engage in a fishing expedition into Plaintiff's past medical history. "The scope of the inquiry must be limited to whether, and to what extent, the alleged [discriminatory conduct] caused [Plaintiff] to suffer emotional harm" or whether other sources could have caused that harm. *Bowen*, 214 F.R.D. at 195-96 (internal citations, quotation marks, and alterations omitted).

    2.    <u>Employment-Related Records</u>

In his motion, Defendant sought to compel the production of three types of employment-related records: (1) information related to Plaintiff's prior employment history (Interrogatory Nos. 16 and 19); (2) information related to discrimination, retaliation, or other employment-related complaints filed by Plaintiff against prior employers (Interrogatory No. 15); and (3) information related to Plaintiff's attempts to seek other employment since the alleged adverse

employment actions in this case took place (Interrogatory No. 18).[2] Plaintiff contends that the Court wrongly decided Defendant's Motion to Compel because the requested materials are irrelevant. Defendant responds that

> [t]he information and documents Defendant is specifically seeking—which is discoverable, relevant to Plaintiff's claims for damages, could lead to evidence regarding Plaintiff's character for truthfulness, and would be necessary for review by a Rule 35 expert—includes (1) whether Plaintiff has previous discipline related to threatening or violent behavior; (2) whether any previous discipline led to his filing administrative or civil actions which would contain sworn statements by Plaintiff; (3) whether Plaintiff has been subject to any fitness for duty exams; (4) whether witnesses (character or otherwise) overlap with this action; and (5) what Plaintiff has done to mitigate his damages.

Def.'s Response at 13-14 (ECF No. 42).

Each side has cited cases from various district courts that purportedly support their respective views. However, in arguing against the discoverability of the requested information, Plaintiff has confused the issue of discoverability with the issue of admissibility. A number of the cases relied upon by Plaintiff in support of this argument address the latter issue but not the former. *See, e.g.*, *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536 (S.D.N.Y. 2005); *Zenian v. Dist. of Columbia*, 283 F. Supp. 2d 36 (D.D.C. 2003); *Neuren v. Adduci, Mastriani, Meeks, & Schill*, 43 F.3d 1507 (D.C. Cir. 1995); *E.E.O.C. v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998). In addition, throughout his Motion, Plaintiff cites to the Federal Rules of Evidence—specifically Rules 401 and 404(a)-(b)—and makes references to the *admissibility* of certain information, without ever discussing the relevant standard for *discoverability* set forth in the Federal Rules of Civil Procedure. In doing so, he misses an important distinction. Although the Court harbors

---

2. Plaintiff argues, as an initial matter, that the parties never met and conferred regarding the information sought in Interrogatory No. 18. Based on the Court's review of the parties' correspondence, it appears that Interrogatory No. 18 was not specifically discussed prior to the filing of Defendant's motion. However, it was referenced in the parties' respective letters and was within the broader category of employment-related records sought by Defendant and which were the subject of the parties' attempts to resolve the matter without Court intervention. Accordingly, even if Defendant could be found to have violated the technical requirements of Fed. R. Civ. P. 37(a), any such violation is excused.

doubts about whether any of the requested information will ultimately be admissible at trial, those doubts are immaterial at this stage because "[r]elevance, for purposes of discovery, does not hinge on admissibility at trial." *Baptiste v. Ctrs., Inc.*, No. 13-71-OC-22PRL, 2013 WL 3196758, at *2 (M.D. Fla. June 21, 2013). Instead, relevance is "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Id.* (citation and quotation marks omitted). All of the material Defendant is seeking passes that lenient threshold.

Specifically, records from Plaintiff's prior employers, including allegations or complaints of discrimination he may have made, are within the proper scope of discovery as they could lead to other matters that could bear on Plaintiff's credibility and the legitimacy of Defendant's proffered bases for taking the challenged employment actions. *See, e.g.*, *Langenfeld v. Armstrong World Indus.*, No. 13-469, 2014 WL 287386, at *3-4 (S.D. Ohio Jan. 24, 2014); *Baptiste*, 2013 WL 3196758, at *2; *Levitin v. Nationwide Mut. Ins. Co.*, No. 12-cv-34, 2012 WL 6552814, at *3 (S.D. Ohio Dec. 14, 2012); *Valentine v. Remke Markets, Inc.*, No. 1:10–CV–922, 2012 WL 893880, at *3–4 (S.D. Ohio Mar. 15, 2012); *Walker v. Nw. Airlines Corp.*, No. 00-2604, 2002 WL 32539635, at *2 (D. Minn. Oct. 28, 2002). Information related to Plaintiff's prior employment is relevant to his claim for emotional-distress damages, as well. *Levitin*, 2012 WL 6552814, at *4 (citation omitted).

The question of whether materials submitted by Plaintiff in an effort to obtain employment after the alleged demotion/failure to promote by Defendant are subject to discovery is a closer call. Defendant contends that this information is relevant, *inter alia*, on the issue of mitigation of damages. Section 706(g) of the Civil Rights Act of 1964, which governs back pay awards in Title VII cases, provides:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice . . . the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include . . . any other equitable relief as the court deems appropriate . . . . Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.

Thus, despite there being a "presumption in favor of a back pay award," under § 706(g), "successful Title VII claimants have a statutory duty to mitigate damages." *Booker v. Taylor Milk Co., Inc.*, 4 F.3d 860, 864 (3d Cir. 1995) (citations omitted). Ordinarily, to establish that an employee failed to mitigate his damages, "an employer must demonstrate that 1) substantially equivalent work was available, and 2) the Title VII claimant did not exercise reasonable diligence to obtain the employment." *Id.*

As Plaintiff argues in his reply brief, however, since Plaintiff apparently remains employed by Defendant, his duty to mitigate damages differs from that which is required in a Title VII case involving a termination. *See Hare v. Potter*, 549 F. Supp. 2d 688, 694 (E.D. Pa. 2007) (quoting *Jurgens v. E.E.O.C.*, 903 F.2d 386, 389 (5th Cir. 1990)) ("[W]here 'an employer discriminatorily denies promotion to an employee that employee's duty to mitigate damages encompasses remaining on the job.'"). In view of that distinction, it is questionable how Plaintiff's efforts to obtain other employment could be relevant to the issue of mitigation. *Compare Hite v. Peters*, No. 07–4492–RMB–AMD, 2009 WL 1748860, at *4 (D.N.J. June 19, 2009) (holding that post-*termination* employment records are relevant on issue of mitigation of damages in Title VII case alleging discriminatory discharge). As long as Plaintiff remained employed by Defendant, his duty was met. Be that as it may, the Court nevertheless finds that applications, resumes, and the like submitted by Plaintiff to prospective employers after the alleged adverse employment actions occurred are relevant and thus discoverable for other

reasons. In particular, to the extent that Plaintiff may have described or discussed his employment with Defendant in an application, cover letter, or resume, it could lead to information bearing on Plaintiff's credibility or his qualifications for the position he was allegedly denied.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and **REINSTATES** its Order of March 14, 2014, granting Defendant's Motion to Compel Discovery.

**SO ORDERED**, this 22nd day of April, 2014.

**IT IS FURTHER ORDERED** that on or before May 6, 2014, Plaintiff shall produce the following items of discovery:

1. Full and complete responses to Defendant's Interrogatory Nos. 12, 13, 15, 16, 18, 19; and

2. Documents in response to Defendant's Request Nos. 11, 12, 14 and 19.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Vincent J. Mersich, Esquire**
Email: vincent.mersich@outlook.com
**Jennifer R. Andrade, Esquire**
Email: jennifer.andrade@usdoj.gov